UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUSAN TENDLER

VERSUS

HOBBY LOBBY STORES, INC.

CIVIL ACTION

NO. 16-361-JJB-EWD

**NOTICE AND ORDER**

Before the court a Motion to Substitute filed by Plaintiff, Susan Tendler ("Plaintiff").[1] Per the Motion to Substitute, Plaintiff asks the court to substitute a Supplemental First Amended and Restated Complaint for Damages (R. Doc. 15-5) for a proposed First Amended and Restated Complaint for Damages (R. Doc. 13-2) and thereafter grant her pending Unopposed Motion to Amend Complaint for Damages to Name Additional Defendant (the "Motion to Amend").[2] By her proposed pleading, Plaintiff seeks to add Hillsdale Furniture, LLC ("Hillsdale") as a defendant.

This case was removed from state district court under 28 U.S.C. § 1332 based upon complete diversity of citizenship.[3] On February 13, 2017, the undersigned ordered Plaintiff to file a motion to substitute her proposed First Amended and Restated Complaint for Damages with a proposed pleading that properly set forth the citizenship of Hillsdale and which clarified whether Hillsdale was a corporation or limited liability company.[4]

---

[1] R. Doc. 15.

[2] R. Doc. 13.

[3] R. Doc. 1. The Notice of Removal alleges that Plaintiff is "a domiciliary of the State of Louisiana" and that Hobby Lobby Stores, Inc. "is a foreign corporation, incorporated under the laws of Oklahoma, with a principal place of business in Oklahoma." R. Doc. 1, ¶ 4(A)(1) & (2). The citizenship of Plaintiff has been properly alleged. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). The citizenship of Hobby Lobby Stores, Inc. has also been adequately alleged in the Notice of Removal. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[4] R. Doc. 14. Plaintiff's proposed First Amended and Restated Complaint for Damages alleged that Hillsdale Furniture, LLC is "a Delaware corporation which is doing business in the state of Louisiana." R. Doc. 13-2. This court's previous Notice and Order questioned whether the citizenship of Hillsdale should be determined under the standard applied to corporations based

1

On February 21, 2017, Plaintiff filed the instant Motion to Substitute.  Per Plaintiff's proposed substitute pleading, Hillsdale Furniture, LLC is "a Delaware Limited Liability Company which is doing business in the state of Louisiana."[5]  Plaintiff's proposed pleading alleges that "[u]pon information and belief, the members of Hillsdale Furniture, LLC are either David Brill or Hillsdale Furniture Holdings, LLC or both.  Hillsdale Furniture Holdings, LLC is also a Delaware Limited Liability Company."[6]

The citizenship of Hillsdale Furniture, LLC has not been adequately alleged.  As a limited liability company, Hillsdale's citizenship is determined by considering the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).  Here, Plaintiff has attempted to allege the members of Hillsdale, but has failed to adequately allege the citizenship of those members in accordance with the requirements of § 1332(a) and (c).  To the extent David Brill is an individual and a member of Hillsdale, Mr. Brill's domicile must be alleged.  *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").  To the extent Hillsdale Furniture Holdings, LLC is also a

---

on the name of the entity, Hillsdale Furniture, *LLC*, which indicated that the entity is a limited liability company.  *See*, R. Doc. 14, pp. 2-3.  Plaintiff's currently proposed pleading addresses this discrepancy by alleging that Hillsdale is a limited liability company.  *See also*, R. Doc. 15-1, p. 1 ("Hillsdale Furniture, LLC is a Limited Liability Company….").

[5] R. Doc. 13-2, ¶ 2(2).

[6] R. Doc. 15-5, ¶ 3.

member of Hillsdale, the citizenship of Hillsdale Furniture Holdings, LLC must be alleged by setting forth the members of Hillsdale Furniture Holdings, LLC and those members' citizenship.

Plaintiff apparently recognizes that her allegations of citizenship are insufficient because she asks this court either to accept her proposed Supplemental First Amended and Restated Complaint for Damages or "requests that she be allowed a reasonable opportunity to conduct jurisdictional discovery."[7]  Plaintiff asserts that she "cannot obtain additional information regarding the members of Hillsdale Furniture Holdings, LLC without formal discovery."[8]  It is within the court's discretion to allow jurisdictional discovery.  *See*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978) (explaining that discovery is not limited to the merits of a case, "[f]or example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-965 (8th Cir. 2016) ("A court has an independent obligation to ensure that the case is properly before it.  Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties."); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction…") (internal citations omitted).  *See also*, *Lawson v. Chrysler, LLC*, 2009 WL 961226, at * 3 (S.D. Miss. April 7, 2009) (noting that plaintiff attempted to discover defendant's citizenship by "issuing subpoenas to some of the non-party entities believed to be members of one of Chrysler LLC's members."); *Shreveport Group, LLC v. Zurich North American Ins. Co.*, 2006 WL 1523203, at * 1 (W.D. La. May 19, 2006) ("Maryland Casualty is granted leave to conduct discovery, if necessary, to learn the identity and citizenship of the members of the LLC.").

Accordingly,

---

[7] R. Doc. 15, ¶ 5.

[8] R. Doc. 15-1, p. 2.

**IT IS HEREBY ORDERED** that Plaintiff is granted leave to conduct limited jurisdictional discovery solely for the purpose of determining the members of Hillsdale Furniture, LLC and the citizenship of those members. Plaintiff is granted leave to conduct this limited jurisdictional discovery for a period of sixty (60) days from the date of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Substitute[9] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Amend Complaint for Damages to Name Additional Defendant[10] is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to file a motion to amend that properly sets forth the citizenship of the parties, including the citizenship of Hillsdale Furniture, LLC. Plaintiff's proposed amended pleading shall be comprehensive (*i.e.*, it may not "incorporate by reference" any previous pleading). Plaintiff is granted seventy-five (75) days from the date of the Notice and Order to file a motion to amend her complaint for the sole purpose of naming Hillsdale Furniture, LLC as an additional defendant. No further leave of court shall be necessary if Plaintiff files her motion to amend within seventy-five (75) days of the date of this Notice and Order.

Signed in Baton Rouge, Louisiana, on February 24, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 15.

[10] R. Doc. 13.