UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUSAN TENDLER

CIVIL ACTION

VERSUS

NO. 16-361-JJB-EWD

HOBBY LOBBY STORES, INC.

## NOTICE AND ORDER

On February 10, 2017, Plaintiff, Susan Tendler ("Plaintiff") filed an Unopposed Motion to Amend Complaint for Damages to Name Additional Defendant.[1]   By her proposed First Amended and Restated Complaint for Damages, Plaintiff seeks to add Hillsdale Furniture, LLC ("Hillsdale") as a defendant.

On February 13, 2017, the court ordered Plaintiff to file a motion to substitute her proposed First Amended and Restated Complaint for Damages with a proposed pleading that properly set forth the citizenship of Hillsdale.[2]  The court stated that Plaintiffs' proposed substitute pleading "shall state whether Hillsdale Furniture, LLC is a limited liability company or a corporation.  In the event Hillsdale Furniture, LLC is a corporation, the proposed pleading shall set forth Hillsdale's place of incorporation and principal place of business.  In the event Hillsdale Furniture, LLC is a limited liability company, the proposed pleading shall allege the citizenship of each member in accordance with the requirements of § 1332(a) and (c)."[3]  The court further explained that to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24,

---

[1] R. Doc. 13.

[2] R. Doc. 14.

[3] R. Doc. 14, p. 4.

1

2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

On February 21, 2017, Plaintiff filed a Motion to Substitute.[4] Per Plaintiff's proposed substitute pleading, Hillsdale Furniture, LLC is "a Delaware Limited Liability Company which is doing business in the state of Louisiana."[5] Plaintiff's proposed pleading alleges that "[u]pon information and belief, the members of Hillsdale Furniture, LLC are either David Brill or Hillsdale Furniture Holdings, LLC or both. Hillsdale Furniture Holdings, LLC is also a Delaware Limited Liability Company."[6] The court again noted that the citizenship of Hillsdale had not been adequately alleged and explained:

> To the extent David Brill is an individual and a member of Hillsdale, Mr. Brill's domicile must be alleged. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."). To the extent Hillsdale Furniture Holdings, LLC is also a member of Hillsdale, the citizenship of Hillsdale Furniture Holdings, LLC must be alleged by setting forth the members of Hillsdale Furniture Holdings, LLC and those members' citizenship.[7]

Apparently recognizing that her allegations of citizenship were insufficient, Plaintiff requested either that this court accept her proposed Supplemental First Amended and Restated Complaint for Damages or "that she be allowed a reasonable opportunity to conduct jurisdictional discovery."[8] On February 24, 2017, the court granted Plaintiff leave to conduct limited jurisdictional discovery solely for the purpose of determining the members of Hillsdale Furniture, LLC and the citizenship of those members.[9]

---

[4] R. Doc. 15.

[5] R. Doc. 13-2, ¶ 2(2).

[6] R. Doc. 15-5, ¶ 3.

[7] R. Doc. 20, pp. 2-3.

[8] R. Doc. 15, ¶ 5.

[9] R. Doc. 20.

Additionally, the court denied Plaintiff's Motion to Substitute[10] and denied Plaintiff's Unopposed Motion to Amend Complaint for Damages to Name Additional Defendant[11] without prejudice to Plaintiff's right to file a motion to amend that properly set forth the citizenship of the parties, including the citizenship of Hillsdale Furniture, LLC. The court granted Plaintiff 75 days, or until May 10, 2017, to file a motion to amend her complaint for the sole purpose of naming Hillsdale as an additional defendant.[12]

On April 24, 2017, rather than filing the anticipated motion for leave to amend her complaint, Plaintiff filed a Memorandum in Support of Diversity of Citizenship.[13] Therein, Plaintiff explains that:

> At the time of the filing of [Plaintiff's Motion to Substitute] plaintiff was unable to confirm the domicile of the members of Hillsdale Furniture Holdings, LLC, however, this Honorable Court afforded plaintiff 60 days to conduct limited discovery on the issue. Plaintiff contacted defendant, Hillsdale Furniture, LLC and requested any information on the membership and domicile of Hillsdale Furniture Holdings, LLC. Based on the representation of defendant, Hillsdale Furniture, LLC, plaintiff respectfully suggests that the member(s) of the Hillsdale Furniture Holdings, LLC are domiciled in Kentucky and thus are diverse from plaintiff. As such, plaintiff respectfully requests that this Honorable Court **GRANT** her motion to amend her complaint.[14]

Although it appears that Plaintiff has reached out to Hillsdale to determine its citizenship, Plaintiff still has not adequately alleged Hillsdale's citizenship. As set forth above, Plaintiff must explicitly set forth the members of Hillsdale (*i.e.*, Plaintiff's previous allegation that the "members of Hillsdale Furniture, LLC are either David Brill or Hillsdale Furniture Holdings, LLC or both" is insufficient). In the event a member of Hillsdale is an individual, that individual's domicile must be alleged. In the event a member of Hillsdale is a corporation, that corporation's principal place of business and state of incorporation must

---

[10] R. Doc. 15.

[11] R. Doc. 13.

[12] R. Doc. 20.

[13] R. Doc. 22.

[14] R. Doc. 22, pp. 1-2. Plaintiff provides no additional explanation or documentation.

be alleged. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). In the event a member of Hillsdale is a limited liability company or other form of unincorporated association, the members of that association must be explicitly named and the citizenship of each member must be alleged (*i.e.*, if Hillsdale Furniture Holdings, LLC is indeed a member of Hillsdale, then each member of Hillsdale Furniture Holdings, LLC must be stated and the citizenship of each member alleged). Plaintiff's assertion that "the member(s) of the Hillsdale Furniture Holdings, LLC are domiciled in Kentucky and thus are diverse from plaintiff," without more, is not sufficient to tell this court who the members of Hillsdale are and what the citizenship of each member is. Moreover, this court previously denied Plaintiff's Unopposed Motion to Amend Complaint for Damages to Name Additional Defendant without prejudice to Plaintiff's right to file a motion to amend that properly sets forth the citizenship of the parties, including the citizenship of Hillsdale Furniture, LLC.[15] Plaintiff has until May 10, 2017 to file her motion to amend.

Accordingly,

Plaintiff is hereby **NOTIFIED** that her Memorandum in Support of Diversity of Citizenship is not sufficient to adequately allege the citizenship of Hillsdale Furniture, LLC.

In keeping with this court's February 24, 2017 Notice and Order, and to the extent Plaintiff wishes to move to amend her complaint to add Hillsdale Furniture, LLC as an additional defendant, Plaintiff is **ORDERED** to file, on or before May 10, 2017, a Motion to Amend Complaint that attaches a proposed pleading that adequately alleges the citizenship of Hillsdale Furniture, LLC (*i.e.*, explicitly alleges the members of Hillsdale Furniture, LLC and each of those members' citizenship according to the particular rules set forth above regarding individuals, corporations, and unincorporated associations). As before,

---

[15] R. Doc. 13 & R. Doc. 20.

Plaintiff's proposed pleading must be comprehensive (*i.e.*, it cannot incorporate by reference any previous pleading). No further leave of court shall be necessary if Plaintiff files her motion to amend on or before the May 10, 2017 deadline.

Signed in Baton Rouge, Louisiana, on April 27, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**